## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### (Newark Vicinage)

---

GUANG YANG and LIQI HUANG,
individually and on behalf of
all those similarly situated,

          Plaintiff(s),

      v.

LAO MA SPICY INC.; LAO MA INC.;
LAOMA SPICY ELMHURST, INC.; LAO
MA MA LA TANG INCORPORATED; LIU
TUO; HUADONG LIU; and JOHN DOES 1
through 10 (fictitious names of
unknown individuals and/or
entities),

          Defendant(s).

---

Civil Action No.:


## COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

Plaintiffs, Mr. GUANG YANG and Mr. LIQI HUANG, on behalf of themselves and all others similarly situated, by way of complaint against defendants, LAO MA SPICY INC.; LAO MA INC.; LAOMA SPICY ELMHURST, INC.; LAO MA MA LA TANG INCORPORATED; LIU TUO; HUADONG LIU; and JOHN DOES 1 through 10; allege as follows:

### NATURE OF THE CASE

1.  Plaintiffs, GUANG YANG and LIQI HUANG allege on behalf of themselves and other similarly situated current and former employees of defendants and those who elect to "opt in" this action, multiple violations by defendants of the Fair Labor Standards Act of 1938 ("**FLSA**"), 29 U.S.C. §201, et seq., and

- 1 -

seek all legal and equitable relief under Section 216(b) thereof, including unpaid minimum wages, unpaid overtime compensation, liquidated damages, and reasonable attorneys fees.

2.    Plaintiffs, GUANG YANG and LIQI HUANG further complain, on behalf of themselves only, that defendants have violated the New Jersey State Wage and Hour Law ("**Wage and Hour Law**"), N.J.S.A. §34:11-29, <u>et seq.</u>, and seek all legal and equitable relief thereunder, including unpaid wages at the minimum rate and overtime rate, as required under New Jersey law.

**JURISDICTION AND VENUE**

3.    This Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1337, 1343 and supplemental jurisdiction over plaintiffs' state law claims under 28 U.S.C. §1367. Additionally, the Court has jurisdiction over plaintiffs' FLSA claims under 29 U.S.C. §216(b).

4.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because plaintiffs had performed an overwhelming majority of their uncompensated work for defendants within this judicial district (Hackensack, New Jersey (Bergen County)). Further, the Court enjoys personal jurisdiction over defendant, Lao Ma Spicy Inc. by virtue of its lease agreement for and continued occupancy in a lot located at 450 Hackensack Avenue, Hackensack, New Jersey, Bergen County (the "**Premises**").

5.    The Court is empowered to render a declaratory judgment under 28 U.S.C. §2201 and 2202.

## PARTIES

6.    Plaintiff, GUANG YANG is an adult individual with a present address of 125 East Prospect Street, Hawthorne, New Jersey 07506.

7.    Plaintiff, LIQI HUANG is an adult individual with a present address of 2615 Anthony Dejuan Parkway, Hephzibah, Georgia 30815.

8.    Defendant, LAO MA SPICY INC. is a New York corporation with a restaurant located within a food court at the Premises, along with a registered address for service of process at 4318 Main Street, Unit 2C, Flushing, New York.  At all relevant times, LAO MA SPICY INC. was and is in the business of owning/co-owning and/or operating Chinese restaurants known as "Lao Ma Spicy" throughout the country.

9.    Defendant, LAO MA INC. is a New York corporation with a registered address for service of process at 13620 Roosevelt Avenue, Unit 16, Flushing, New York, also known as the "New World Mall."  At all relevant times, LAO MA INC. was and is in the business of owning/co-owning and/or operating Chinese restaurants known as "Lao Ma Spicy" throughout the country.

10.  Defendant, LAOMA SPICY ELMHURST, INC. is a New York corporation with a registered address for service of process at

- 3 -

4128 Main Street, Unit 15, Flushing, New York.  At all relevant times, LAOMA SPICY ELMHURST, INC. was and is in the business of owning/co-owning and/or operating Chinese restaurants known as "Lao Ma Spicy" throughout the country.

11.  Defendant, LAO MA MA LA TANG INCORPORATED is a New York corporation with a registered address for service of process at 4318 Main Street, Unit 2C, Flushing, New York.  At all relevant times, LAOMA SPICY ELMHURST, INC. was and is in the business of owning/co-owning and/or operating Chinese restaurants known as "Lao Ma Spicy" throughout the country.

12.  Upon information and belief, defendants, LAO MA SPICY INC., LAO MA INC., LAOMA SPICY ELMHURST, INC., and LAO MA MA LA TANG INCORPORATED, jointly and severally, are an enterprise engaged in commerce or in the production of goods for commerce.

13.  Each such defendant is engaged in commerce or in the production of goods for commerce because it has employees, among other things, that handle goods and material that have been produced for and moved in commerce and, each such defendant's annual gross volume of business is at least $500,000.

14.  Such goods and materials include, but are not limited to, special food condiments, custom sauces, and other food items made in Flushing, New York and distributed and transported to various "Lao Ma Spicy" restaurants throughout the United States, as claimed in defendants' own (unrelated) complaint filed May

10, 2018, with the United States District Court, Eastern District of New York (Lao Ma Spicy Inc. vs. Laoma Philly Inc., Case No. 1:18-cv-02793).

15. Defendant, HUADONG LIU is an adult individual residing at 5026 203rd Street, Oakland Gardens, New York.  Defendant, HUADONG LIU owns, co-owns, operates and/or controls the day-to-day operations and management of LAO MA SPICY INC., LAO MA INC., LAOMA SPICY ELMHURST, INC., and LAO MA MA LA TANG INCORPORATED and jointly employed plaintiffs and other similarly situated employees at all relevant times.

16. Defendant, TUO LIU is an adult individual residing at 5026 203rd Street, Oakland Gardens, New York, and the son of defendant, HUADONG LIU.  Defendant, TUO LIU owns, co-owns, operates and/or controls the day-to-day operations and management of LAO MA SPICY INC., LAO MA INC., LAOMA SPICY ELMHURST, INC., and LAO MA MA LA TANG INCORPORATED and jointly employed plaintiffs and other similarly situated employees at all relevant times.

17. Each defendant, directly or indirectly, has hired and fired plaintiffs and other employees, supervised and controlled plaintiffs' work schedule and employment conditions, determined the wage rate and method of payment, and maintained at least some records regarding their employment.

18.   Defendants, JOHN DOES 1-10 are fictitious names of individuals and/or entities presently unknown to plaintiffs but are affiliated with one or more of the defendants and participated in the actionable conduct and omissions set forth herein.

## STATEMENT OF FACTS

19.   At all relevant times and upon information and belief, defendants, LAO MA SPICY INC., LAO MA INC., LAOMA SPICY ELMHURST, INC., and LAO MA MA LA TANG INCORPORATED are Chinese restaurants doing business as "Lao Ma Spicy" throughout the United States, each prominently displaying a "Lao Ma Spicy" service mark filed July 25, 2017, by defendant, TUO LIU with the U.S. Patent and Trademark Office under Registration No. 5462601. To the extent the defendants use the "Lao Ma" names interchangeably and

20.   While they own and operate "Lao Ma Spicy" restaurants in Flushing, New York, and Gaithersburg, Maryland, for instance, the defendants have expanded and continue to expand to other locations, including Hackensack, New Jersey (i.e., Premises).

21.   Defendants employed plaintiff, GUANG YANG as a "crew member" from September 20, 2017, to June 30, 2018.  Defendants had hired plaintiff as a member of their "Lao Ma Spicy" crew in the tristate area, with special focus on defendants' establishment of and preparation for a new "Lao Ma Spicy"

- 6 -

restaurant opening June 27, 2018, at the Premises, where
defendant, LAO MA SPICY INC. is a (sub)tenant under a sublease
with an adjacent supermarket. Due to the "likely" success of
the new restaurant, defendants encouraged plaintiff, GUANG YANG
to work hard and wait for a "few months" to get paid in exchange
for "bigger and better" pay reflecting the successful opening of
defendants' new restaurant at the Premises. Plaintiff, GUANG
YANG agreed.

22.  Defendants also employed plaintiff, LIQI HUANG as a
"crew member" from September 20, 2017, to June 30, 2018, in the
same capacity as plaintiff, GUANG YANG. Like plaintiff, GUANG
YANG, plaintiff, LIQI HUANG also was offered the same
compensation deal: Plaintiff, LIQI HUANG happily agreed to work
hard and wait for a "bigger and better" payday.

23.  From September 20, 2017, through and including June
30, 2018, plaintiffs joined the defendants' restaurant crew,
including the below-defined collective action members. At all
relevant times, the primary duties of plaintiffs and the
collective action members included cleaning the restaurant
space; organizing and preparing food items to be served to the
public; ensuring all appliances, equipment and machinery are in
working order; and liaising with landlord representatives and/or
construction professionals to ensure compliance with lease
agreements and national "Lao Ma Spicy" standards. Additionally,

plaintiffs focused much of their time and effort in Hackensack, New Jersey, in order to prepare for "opening day" on June 27, 2018: The preparations required plaintiffs to travel back and forth from Hackensack, New Jersey, to Flushing, New York in order to retrieve specific food items and other materials for defendants' purpose of establishing consistency throughout its restaurants.

24. Although plaintiffs and the collective action members were or are employed by the defendants together (by virtue of their common ownership by defendants, HUADONG LIU and TUO LIU), and their work benefited all defendants mutually, any and all administrative matters, including payroll, were and are handled by defendants, TUO LIU and HUANGDONG LIU.

25. At all relevant times, plaintiffs and the collective action members did not have authority to hire, fire or discipline employees, did not interview prospective employees, did not create sales reports and did not independently create work schedules.

26. Throughout the time defendants employed plaintiffs, both before that time and continuing until today, defendants have likewise employed other individuals like plaintiffs in positions that require little skill and no capital investment, and their duties and responsibilities do not include any

managerial responsibilities, or the exercise of independent judgment.

27.  At any one time, at least 3 crew members work at any "Lao Ma Spicy" restaurant, wherever located.  The hours of operation of any "Lao Ma Spicy" restaurant in the tristate area are the same: Each restaurant is open 7 days a week, from 9 A.M. to 9 P.M.  Crew members assigned to work a particular day must report by 9 A.M. and work the full 12-hour shift.

28.  Plaintiffs and the collective action members were scheduled to work from open to close and were not provided uninterrupted meal breaks.  Thus they each worked at least 11.5 hours each day, from September 20, 2017, to June 30, 2018: 46 hours each during the week ending September 23, 2017, and 69 hours each during each subsequent week until the week ending June 30, 2018.  Plaintiffs each worked for a total of 244 days.

29.  Plaintiffs and the collective action members were scheduled to work 6 days per week, and in fact worked 6 days per week, equaling 69 hours (6 days X 11.5 hours).

30.  Plaintiffs and, upon information and belief, the collective action members, did not "clock in" or "clock out" at any "Lao Ma Spicy" restaurant or when working for the defendants.

31.  Defendants do not have time records for plaintiffs and the collective action members that state precisely when each

employee started working and stopped working on any given date. Nor do defendants maintain any records showing an hourly rate, the hours worked, the pay period and any withholdings, as required by law.

32.  Upon information and belief, defendants paid the collective action members an hourly rate for performing their duties at "Lao Ma Spicy" restaurants.  At all relevant times, however, the defendants failed to pay the collective action members one and one-half times (1.5) their regularly hourly rate for any hour they worked in excess of 40 hours in one week (overtime pay).

33.  On the other hand, defendants paid plaintiffs no wages whatsoever throughout their entire employment.  According to defendant, TUO LIU, plaintiffs' compensation had depended on a successful and timely opening on June 27, 2018: Reportedly, no wages are due to plaintiffs because the "Lao Ma Spicy" restaurant in the Premises failed to open and operate as scheduled (in spite of plaintiffs' work for the defendants from September 2017 up to "opening day" on June 27, 2018, which work regularly exceeded 40 hours in one week).  Evidently, the opening and operation of the "Lao Ma Spicy" restaurant in the Premises was and is a condition to plaintiffs' compensation: Alternatively, defendants refuse to pay plaintiffs any compensation due to apparent complications and issues having

nothing to do with plaintiffs and their work for the defendants since September 2017.

34.  At all relevant times, defendants, TUO LIU and HUANGDONG knew and had every reason to know that plaintiffs were working for the defendants -- including their countless hours at the Premises in New Jersey, preparing to open and operate "Lao Ma Spicy" at the defendants' request, in addition to the "Lao Ma Spicy" work performed within the State of New York (along with the collective action members).

35.  Despite their absurd logic for not paying plaintiffs, the defendants nevertheless returned to the Premises July 13, 2018, and opened and operated the restaurant, under the exact same conditions which plaintiffs had prepared and readied for the defendants.  That is, the defendants' complaints about any poor or inadequate work by the plaintiffs (so as to delay or prevent a timely "opening" on June 27, 2018) now ring hollow and were no more than a ruse to avoid paying plaintiffs any wages from September 20, 2017.

## COLLECTIVE ACTION ALLEGATIONS

36.  Under 29 U.S.C. §207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons whom defendants employed and are employing as "crew members" or "staff members" at any time since July 16, 2018, to the entry of judgment in this case (the "**Collective Action**

**Period**"), who were non-exempt employees within the meaning of the FLSA and were not paid overtime compensation for hours worked in excess of forty (40) hours per workweek (the **"Collective Action Members"**).

37. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, there are, upon information and belief, approximately thirty (30) Collective Action Members, most of whom would not be likely to file individual actions because they lack adequate financial resources, access to attorneys or knowledge of their claims.

38. Plaintiffs and the Collective Action Members are similarly situated on the following legal and fact issues:

(a) They performed similar duties;

(b) Defendants employed them within the meaning of FLSA;

(c) Defendants failed to keep true and accurate time records for all hours they worked;

(d) Defendants failed to maintain time records and similar level of proof to establish the Collective Action Members' hours worked;

(e) Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of

forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

(f) Defendants misclassified the Collective Action Members as exempt from overtime;

(g) Defendants' violations of the FLSA are willful as that term is defined under FLSA;

(h) Defendants are liable for all damages claimed hereunder, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys fees;

(i) Defendants must be enjoined from such FLSA violations in the future; and

(j) The statute of limitations should be estopped or equitably tolled due to defendants' statutory violations.

## FIRST CAUSE OF ACTION

### FLSA: NONPAYMENT OF OVERTIME
(Brought on behalf of Plaintiffs
and the Collective Action Members)

39.  Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

40.  At all relevant times, defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§206(a) and 207(a).  All defendants, jointly

and severally, are an "employer" under the FLSA to the extent they acted directly or indirectly in the interest of the "Lao Ma Spicy" enterprise in relation to defendants' many employees (i.e., Collective Active Members), including plaintiffs and the rest of the "Lao Ma Spicy" crew.

41.  At all relevant times, defendants employed and/or continue to employ plaintiffs and each of the Collective Active Members within the meaning of FLSA.

42.  Upon information and belief, and at all relevant times, defendants each have had gross revenues in excess of $500,000.

43.  Both plaintiffs consent in writing to be a party to this action under 29 U.S.C. §216(b).  Their written consent is attached hereto and incorporated by reference.

44.  Defendants were required to pay plaintiffs and the Collective Active Members no less than one and one-half (1.5) times the regular rate at which they were employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §201, et seq., including Sections 207(a)(1) and 215(a).

45.  At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for all their hours worked in excess of forty (40) hours per workweek.

46.   In failing to pay plaintiffs overtime premium pay, defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§785.11 and 785.13.

47.   By knowingly and intentionally failing to pay the Collective Action Members the overtime wages rightfully due to them, defendants have willfully violated FLSA.

48.   At all relevant times, plaintiffs and the Collective Action Members worked 69 hours per workweek. (Except for their first week ending September 23, 2017, plaintiffs worked 69 hours per workweek from September 20, 2017, through and including June 30, 2018, while the Collective Action Members worked the same hours throughout the entire Collective Action Period.)

49.   As a result of defendants' failure to record, report, credit and/or compensate plaintiffs and the Collective Action Members, defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wags, hours and other conditions and practices of employment in violation of FLSA, 29 U.S.C. §201, et seq., including Section 207(a)(1) and 215(a).

50.   Because defendants' FLSA violations are willful, a 3-year statute of limitations applies under 29 U.S.C. §255 and should be equitably tolled for a 6-year statute of limitations.

51.   As a result of defendants' FLSA violations, plaintiffs and the Collective Action Members have suffered damages by being

denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys fees, costs, and other compensation under 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### FLSA: NONPAYMENT OF MINIMUM WAGES
(Brought on behalf of Plaintiffs only)

52.  Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

53.  At all relevant times, plaintiffs were engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, in accordance with and in the manner set forth in the FLSA, 29 U.S.C. §206(a).

54.  At all relevant times, defendants were therefore required to pay to each plaintiff a minimum wage of $7.25 per hour.  For unknown reasons, however, defendants paid no wages at all to the plaintiffs: An employer's failure to pay employees in accordance with 29 U.S.C. §206 is a violation of the FLSA, 29 U.S.C. §215(a)(2).

55.  As a result of defendants' FLSA violations, plaintiffs have suffered damages by being denied a minimum wage in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys fees, costs, and other compensation under 29 U.S.C. §216(b).

## THIRD CAUSE OF ACTION

### FLSA: RETALIATORY DISCHARGE
(Brought on behalf of Plaintiffs only)

56.  Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

57.  On or about June 27, 2018, or the scheduled "opening day" of the first "Lao Ma Spicy" restaurant in New Jersey, plaintiff inquired about and complained to defendants about their non-payment of any wages despite their work for the defendants since September 20, 2017, both in the Premises in New Jersey and their frequent travel between the Premises and Queens County, New York.

58.  On or about June 28, 2018, through a Ms. Yao Yu Liu, a New York attorney (not admitted in New Jersey) purporting to represent the defendants, the defendants terminated the plaintiffs' employment because the "Lao Ma Spicy" restaurant in the Premises did not open or operate as of the June 27 "opening day." Accordingly, plaintiffs removed their personal belongings from the Premises and left the Premises June 30, 2018, after working their entire shifts June 28, June 29 and June 30.

59.  Defendants' termination of plaintiffs' employment under the circumstances is a FLSA violation because the

termination constitutes a "discharge" arising from an employee "complaint" under 29 U.S.C. §215(a)(3).

60.  As a result of defendants' FLSA violations, plaintiffs have suffered damages from the unlawful loss of their employment in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys fees, costs, and other compensation under 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### WAGE AND HOUR LAW: NONPAYMENT OF MINIMUM WAGE
(Brought on behalf of Plaintiffs only)

61.  Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

62.  At all relevant times, plaintiffs are each an "employee" under New Jersey law because they were each a New Jersey resident at all relevant times, performed work for an "employer" within the State of New Jersey (i.e., Premises), and were a "person suffered or permitted to work by an employer." N.J.S.A. §34:11-4.1(b); N.J.A.C. §12:56-2.1.  (Defendants include Lao Ma Spicy, Inc., the sole "tenant" in the Premises pursuant to its sublease for commercial space located within Hackensack, New Jersey.)

63.  At all relevant times, defendants comprise an "employer" under New Jersey law insofar as they employed

plaintiffs "in this State" (i.e., Premises) and plaintiffs in fact performed work for the defendants "in this State." N.J.S.A. §34:11-4.1(a).  Further, defendants comprise or include "any individual, partnership, association, corporation or any person or group of persons acting directly or indirectly in the interest of any employer in relation to an employee."  N.J.A.C. §12:56-2.1.

64.  At all relevant times, employers are obligated to pay an established minimum wage for New Jersey their employees/ workers, such as plaintiffs, "in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being."  N.J.S.A. §34:11-56a.

65.  From September 20, 2017, until December 31, 2017, plaintiffs earned and are entitled to an hourly minimum wage of $7.15 for each hour worked for defendants at the Premises, or the State of New Jersey, up to 40 hours per workweek.  N.J.S.A. §34:11-56a4.

66.  From January 1, 2018, through and including June 30, 2018, plaintiffs earned and are entitled to an hourly minimum wage of $8.60 for each hour worked for defendants at the Premises, or the State of New Jersey, up to 40 hours per workweek.  N.J.S.A. §34:11-56a4; N.J.A.C. §12:56-3.1(a).

67.  Defendants have failed or refused to pay any wages whatsoever to plaintiffs, and therefore violated the Wage and Hour Law.  Plaintiffs bring this action to recover the amount of the minimum wages to which they are entitled.  N.J.S.A. §34:11-56a25.

68.  As a result of defendants' violation of the Wage and Hour Law, plaintiffs have suffered damages from the nonpayment of their minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys fees, costs, and other compensation under N.J.S.A. 34:11-56a25 ("any agreement between such employee and the employer to work for less than such minimum fair wage shall be no defense to the action").

## FIFTH CAUSE OF ACTION

### WAGE AND HOUR LAW: NONPAYMENT OF OVERTIME
(Brought on behalf of Plaintiffs only)

69.  Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

70.  At all relevant times, employers are obligated to pay each employee/worker "1½ times … [his or her] regular hourly wage for each hour of working time in excess of 40 hours in any week."  N.J.S.A. §34:11-56a4; N.J.A.C. §12:56-6.1.  Such "regularly hourly wage" must be no less than "$7.15 per hour for 40 hours of working time in any week" (until December 31, 2017),

- 20 -

id., and no less than "$8.60" effective January 1, 2018. N.J.A.C. §12:56-3.1.

71.  Plaintiffs in fact have each worked for defendants in the Premises in excess of 40 hours in any week, for several months, beginning September 20, 2017, through and including June 30, 2018.  Yet defendants have failed or refused to pay any overtime compensation -- or any wages whatsoever -- to plaintiffs, and therefore violated the Wage and Hour Law. Plaintiffs bring this action to recover the amount of the overtime compensation to which they are entitled.  N.J.S.A. §34:11-56a25.

72.  As a result of defendants' violation of the Wage and Hour Law, plaintiffs have suffered damages from the nonpayment of their overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys fees, costs, and other compensation under N.J.S.A. 34:11-56a25.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs, on behalf of themselves and the Collective Action Members, respectfully request the Court to grant the following relief:

I.    As to the First Cause of Action only, designate this action as a collective action on behalf of the Collective Action Members and issuing notice under 29 U.S.C. §216(b), in both English and Chinese, to all similarly situated members of a FLSA Opt-In Class,

apprising each of them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual "Consent to Sue" forms under 29 U.S.C. §216(b) and appointing plaintiffs and their undersigned counsel to represent the Collective Action Members and tolling the statute of limitations.

II.     Render a declaratory judgment that the practices complained of herein are unlawful under the FLSA and Wage and Hour Law.

III.    Enjoin defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patters set forth herein.

IV.     Award plaintiffs and the Collective Action Members unpaid overtime compensation under the FLSA.

V.      Award plaintiffs their minimum wage under the FLSA and Wage and Hour Law.

VI.     Award plaintiffs their overtime compensation under the Wage and Hour Law.

VII.    Award liquidated and/or punitive damages to plaintiffs and the Collective Action Members as a result of defendants' willful failure to pay overtime compensation under FLSA.

VIII.   Award liquidated and/or punitive damages to plaintiffs as a result of defendants' willful failure to pay minimum wages under FLSA and the Wage and Hour Law.

IX.     Award liquidated and/or punitive damages to plaintiffs as a result of defendants' willful failure to pay overtime compensation under FLSA and the Wage and Hour Law.

X.      Impose an equitable toll on the statute of limitations under FLSA.

XI.     Award prejudgment and post-judgment interest.

XII.   Award costs and expenses of this action, together
       with reasonable attorneys and expert fees.

XIII.  Award such other and further relief as the Court
       deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), plaintiffs demand trial

by jury on all questions of fact raised in this complaint.

Dated: New York, New York
       July 19, 2018

                              /s/ *Peter Y. Lee*
                         By:_____
                              PETER Y. LEE, ESQ.
                              Attorney for Plaintiff(s)

                              60 East 42nd Street
                              Suite 1101
                              New York, New York 10165
                              (212) 808-0716 Tel
                              (212) 808-0719 Fax
                              Peter.Lee@LeeAdvocates.Com

## CONSENT TO SUE

I, **GUANG YANG,** hereby consent to be a plaintiff in an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*, to secure any and all unpaid wages, minimum wages, overtime pay, liquidated damages, attorneys fees, costs and other relief arising from my employment with LAO MA SPICY INC.; LAO MA INC.; LAOMA SPICY ELMHURST, INC.; LAO MA MA LA TANG INCORPORATED; LIU TUO; HUADONG LIU; and any other associated parties.

I authorize Peter Y. Lee, Esq., and any associated attorneys, as well as any successors or assigns, to represent me in such legal action.

Date: July  18  , 2018      By: _____
                                     GUANG YANG

## CONSENT TO SUE

I, **LIQI HUANG**, hereby consent to be a plaintiff in an action under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.*, to secure any and all unpaid wages, minimum wages, overtime pay, liquidated damages, attorneys fees, costs and other relief arising from my employment with LAO MA SPICY INC.; LAO MA INC.; LAOMA SPICY ELMHURST, INC.; LAO MA MA LA TANG INCORPORATED; LIU TUO; HUADONG LIU; and any other associated parties.

I authorize Peter Y. Lee, Esq., and any associated attorneys, as well as any successors or assigns, to represent me in such legal action.

Date: July __18__ , 2018    By: _____
                                LIQI HUANG