# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# (Newark Vicinage)

| | |
|---|---|
| GUANG YANG and LIQI HUANG, individually and on behalf of all those similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>LAO MA SPICY INC.; LAO MA INC.; LAOMA SPICY ELMHURST, INC.; LAO MA MA LA TANG INCORPORATED; TUO LIU; HUADONG LIU; and JOHN DOES 1 through 10 (fictitious names of unknown individuals and/or entities),<br><br>Defendant(s). | Case 2:18-cv-11817-SDW-LDW<br><br>**JOINT MOTION TO APPROVE FLSA SETTLEMENT** |

Plaintiffs, Guang Yang (**Yang**), Liqi Huang (**Huang**), and defendants, Lao Ma Spicy Inc., Lao Ma Inc., Laoma Spicy Elmhurst, Inc., Lao Ma Ma La Tang Incorporated, Tuo Liu and Huadong Liu (together, **Defendants**), or collectively, the "**Parties**," hereby jointly move for an Order approving their Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq. (**FLSA**), settlement agreement, and provide the following memorandum:

- 1 -

# TABLE OF CONTENTS

Table of authorities..............................................3

Introduction......................................................4

I) Factual and procedural background..............................4

    A. Factual allegations .......................................4

    B. Overview of investigation ................................5

    C. Settlement negotiations ..................................6

II) Summary of the settlement terms...............................7

    A. The settlement amount ....................................7

    B. Releases .................................................8

    C. Attorney's Fees and Costs ................................8

III) Settlement procedure.........................................9

IV) Legal argument................................................9

    A. The settlement should be approved as fair
       and reasonable............................................9

        1.   Numerous disputed issues exist ......................10

        2.   There is no evidence of fraud or collusion ..........11

        3.   The complexity, expense and likely duration of the
            litigation, as well as the probability of success on
            the merits weigh in favor of a finding of
            reasonableness ......................................12

V) Conclusion....................................................14

## Table of Authorities

Rules and Statutes

    29 U.S.C. §206............................................10

    29 U.S.C. §207............................................10

    29 U.S.C. §216(b).......................................9-10

    29 U.S.C. §216(c)..........................................9

    N.J.S.A. §34:11-56a........................................4

Case Law

    Bredbenner v. Liberty Travel, Inc.,
        D.N.J. Civ. Action No.
        2:09-cv-00905-MF (Apr. 8, 2011) ........................9

    Brumley v. Camin Cargo Control, Inc.,
        D.N.J. Civ. Action No.
        2:08-cv-01798-JLL-MAH (Mar. 26, 2012) ...............9-10

    Lynn's v. United States,
        679 F.2d 1350 (11th Cir. 1982) ......................9-10

**INTRODUCTION**

The Parties have settled this wage and hour collective action for the amount of Twenty Thousand and Zero/100 Dollars ($20,000) on behalf of Yang and Huang.  A copy of the Parties' signed settlement agreement is annexed to the motion.

By this motion, the Parties respectfully request the Honorable Court to approve the settlement and dismiss the action with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

**(A)   Factual Allegations**

Defendants are the owner(s) and operator(s) of a restaurant chain known as "Lao Ma Spicy," which has a location in Hackensack, New Jersey (the **Restaurant**), among other areas.  The Parties do not dispute that Yang and Huang worked at the Restaurant from September 20, 2017, through and including June 30, 2018, as follows: Plaintiffs each worked 46 hours during the week ending September 23, 2017, and 69 hours each during each subsequent week until the week ending June 30, 2018.  Plaintiffs each worked for a total of 244 days.

In their complaint filed July 19, 2018 (**ECF 2**), Yang and Huang allege that Defendants, jointly and severally, were their employer during that time and willfully violated the FLSA and Wage and Hour Law (**WHL**), N.J.S.A. §34:11-56a, et seq., by

failing to pay them a minimum wage and overtime pay.  The complaint seeks recovery of minimum wages, overtime wages, attorney's fees and costs, interest and liquidated damages. Yang and Huang's unpaid minimum wages and overtime pay total $50,000 approximately.  With liquidated damages, this action seeks damages for approximately $100,000, plus costs and fees, as to Yang and Huang only.

Defendants assert that they have zero liability because they claim they were never Yang and Huang's employer. Defendants counter that Yang and Huang instead worked for one or more non-parties to this action.  Accordingly, defendants claim that Yang and Huang are entitled to $0 in this action.

Given their dispute over liability and applicability of the FLSA, the parties have compromised and agreed to settle Yang and Huang's claim for roughly half their unliquidated damages, or $20,000.

**(B)  Overview of Investigation**

Prior to bringing suit, Yang and Huang's undersigned counsel conducted a thorough investigation into the merits of the potential claims and defenses.  Among other things, counsel interviewed Yang and Huang, who did not present a complete record of their hours and days worked; along with workers at neighboring restaurants who personally witnessed Yang and Huang time worked at the Restaurant with some of the Defendants; and

also Defendants' landlord representatives respecting the Restaurant premises. Counsel also conducted "OPRA" searches at the Hackensack Building Department to verify the time frame of Yang and Huang's work in relation to the construction and "grand opening" of the Restaurant, and also visited "Lao Ma Spicy" locations in New York City to compare them to the Restaurant (at least in the context of the shifts and tasks performed by restaurant crew members).

To the extent counsel's investigation revealed that Defendants exercised control over Yang and Huang's work at the Restaurant; Yang and Huang could not and did not leave the Restaurant when they wished; and Yang and Huang also followed a work schedule almost identical to the crew member "employees" at Defendants' New York City locations, Yang and Huang commenced this action under the FLSA and WHL. For the period beginning September 20, 2017, and ending June 30, 2018, and based on reasonable calculations of the days and hours worked, Yang and Huang had unpaid minimum wages and overtime totaling $50,000 approximately. With liquidated damages, Yang and Huang had a viable claim for approximately $100,000, plus costs and fees.

**(C)  Settlement Negotiations**

On November 26, 2018, and November 29, 2018, following service of process, the Parties appeared before Magistrate Judge Wettre for full-day settlement conference. In large part, the

Court had conducted the settlement conference due to the Parties' competing claims over the applicability of the FLSA and because Defendants did not dispute that Yang and Huang in fact had worked at the Restaurant at the dates and times alleged. Furthermore, Defendants had filed a motion to dismiss complaint, which application was pending at the time.

The Parties and their attorneys spent many hours each session to exhaust their efforts and reach a middle ground.  Due to Defendants' pending application and their firm position about the non-applicability of the FLSA (given their denial of any "employer-employee" relationship), Yang and Huang agreed to waive their liquidated damages and collective action claims and allegations, but otherwise insisted on payment of their wages.

Ultimately, the Parties agreed to the settlement terms memorialized in the annexed agreement.  Essentially, Yang and Huang compromised their unpaid wage claim, while Defendants agreed to compensate them for their work performed September 20, 2017, through June 30, 2018, due in part to the uncertainty of their pending application.

## II.

### SUMMARY OF THE SETTLEMENT TERMS

**(A)   The Settlement Amount**

The Parties settled the case for a total of Twenty Thousand and Zero/100 Dollars ($20,000.00), all of which will be made

available to Yang and Huang.  On January 14, 2019, counsel for the Parties recorded the settlement with Magistrate Judge Wettre.

**(B)  Releases**

The settlement agreement provides that Yang and Huang will release their claims for unpaid wages and overtime pay under state and federal wage and hour law, statute, ordinance or regulation, common law, or other source of law, including, but not limited to, claims under the FLSA and WHL.

The settlement does not include or reflect any collective action claims and allegations: Any such claims and allegations on behalf of the (uncertified) putative class are waived. Ultimately, no relief is requested or provided for in the settlement on behalf of any person other than Yang and Huang.

**(C)  Attorney's Fees and Costs**

Pending Defendants' compliance with the settlement, Yang and Huang waive any attorney's fees and costs otherwise available under the FLSA.  Upon defendants' failure to comply with the settlement, however, Yang and Huang will not only apply for a court order to enforce the settlement but will also apply for all costs and attorney's fees incurred since the inception of this action.  Defendants acknowledge liability for such costs and attorney's fees.

## III.

## SETTLEMENT PROCEDURE

By Friday, April 19, 2019, or within two weeks of any Court Order granting this settlement, whichever is earlier, Defendants' attorney shall send a certified check, or other guaranteed funds, to Yang and Huang's attorney, in the amount of $20,000.00.  The check shall be made payable to "Peter Lee Attorney Trust Account."

## IV.

## LEGAL ARGUMENT

**(A)  The Settlement should be approved as Fair and Reasonable**

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: (1) With the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation under 29 U.S.C. §216(c), or (2) with the district court's approval of a settlement under 29 U.S.C. §216(b).  See Bredbenner v. Liberty Travel, Inc., D.N.J. Civ. Action No. 2:09-cv-00905-MF (Apr. 8, 2011), citing Lynn's v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982).  As to the requirements for settlement approval, district courts have held that the Court must determine that the "compromise reached is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  Brumley v. Camin Cargo Control, Inc., D.N.J. Civ. Action No. 2:08-cv-01798-JLL-MAH (Mar. 26, 2012), citing Lynn's,

supra (FLSA settlements are approved when reached as a result of contested litigation). If the proposed settlement reflects a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought by an employer's overreaching, the court should approve the settlement. Bredbenner, supra; see Lynn's, supra.

**(1) Numerous disputed issues exist.**

The settlement amount is reasonable given the numerous genuine issues in dispute between the Parties, and the legitimate litigation risks that the issues present.

Preliminarily, the FLSA applies only to "employer[s] who violate[] section 206 or section 207" and holds them "liable to the employee or employees affected." 29 U.S.C. §216(b). Even though they acknowledge Yang and Huang's hours and days worked at the Restaurant, as set forth in the complaint, Defendants deny they are Yang and Huang's "employer" by virtue of a purported franchisor-franchisee, or independent contractor relationship with one or more nonparties. But whether or not Defendants' defense can be ultimately proven, the proofs supporting Yang and Huang's Section 216 claim may not be sufficient. (Notwithstanding, Yang and Huang's investigation confirms Defendants and Yang's son once shared, or attempted a franchise relationship with one or more of the Defendants.)

In sum, Defendants risk the cost of ongoing litigation and an uncertain outcome (especially pending certification of any collective action), while Yang and Huang risk the ultimate dismissal of their complaint, whether the Court finds the FLSA inapplicable or Yang and Huang fail to prove their claim. Under the circumstances, the Parties are behooved to compromise. $20,000, or roughly 50% of Yang and Huang's unliquidated claim, is a fair and reasonable compromise amidst the Parties' contested issues.

**(2)   There is no evidence of fraud or collusion.**

The Parties' settlement reflects nearly two entire days' of meeting with Magistrate Judge Wettre, whose invaluable guidance enabled the Parties to understand the benefits of compromising and settling, along with their respective risks of proceeding in the case. Among other things, Magistrate Judge Wettre heard and understood the basis for Yang and Huang's FLSA claim, along with their time worked, and considered Defendants' position.

Magistrate Judge Wettre and the Parties' efforts demonstrate no fraud or collusion underlying the Parties' settlement, but instead a collaborative effort to ensure Yang and Huang are properly compensated under the settlement.

**(3) The complexity, expense and likely duration of the litigation, as well as the probability of success on the merits weigh in favor of a finding of reasonableness**

Notably, the probability of Yang and Huang's success on the merits is disputed. For the reasons discussed, the Parties disagree on a number of grounds whether Yang and Huang can recover anything: This warrants approval of the settlement. Nevertheless, the complexity, expense and likely duration of the litigation are conducive to the Parties' settlement presented.

First, the applicability of the FLSA is strongly disputed by virtue of the Defendants' "franchise" defense. To the extent Defendants can prove that the Restaurant was a franchise during Yang and Huang's days and hours worked, or Yang and Huang were not Defendants' "employees" under the FLSA, there is ample Third Circuit case law precluding any recovery under the FLSA. On the other hand, Defendants do not dispute that Yang and Huang worked at the Restaurant, as alleged in the complaint: Nor do Defendants dispute that they had authority to control or prevent Yang and Huang's access to the Restaurant. However, Yang and Huang do not have paystubs, punch cards, or other conventional records documenting their employment or work, and must rely in large part on non-written evidence to support their FLSA claim.

Second, the expense and likely duration of the litigation -- given the foregoing issues and circumstances -- are not insubstantial. The Parties were already engaged in motion

practice when they reached the settlement and recorded same with the Court January 14, 2019. Even assuming the Court had denied Defendants' dismissal motion, the Parties are well aware that ongoing litigation would take a very long time and cost tens of thousands of dollars in fees and expenses. By virtue of settlement, the Parties save enormous expense and time. This is reflected in the amount of the proposed settlement vis-à-vis Yang and Huang's $50,000 claim for unpaid wages. Also reflected is the uncertainty of the litigation, for all Parties. For example, Defendants are well aware that Yang and Huang intend to pursue a collective action on behalf of Defendants' employees at their New York City locations, who also were not paid in accordance with the FLSA.

   Due to the circumstances and considerations outlined above, the Parties agree and submit that the settlement is fair and reasonable and should be approved by the Court.

<br>

Continued.

**V.**

**CONCLUSION**

For the reasons set forth above, the Parties respectfully request the Court to approve as fair, adequate and reasonable the settlement set forth in the settlement agreement and release, dismiss the action with prejudice, but retain jurisdiction for 90 days to enforce the terms of the settlement.

Respectfully submitted,

| **LAW OFFICES OF HUI CHEN AND ASSOCIATES, P.C.** | **PETER Y. LEE, ESQ.** |
|---|---|
| /s/ Hui Chen<br>By:_____<br>Hui Chen, Esq.<br>Attorneys for Defendants,<br>Lao Ma Spicy Inc., Lao Ma Inc., Laoma Spicy Elmhurst, Inc., Lao Ma Ma La Tang Incorporated, Liu Tuo and Huadong Liu | /s/ Peter Y. Lee<br>By:_____<br>Peter Y. Lee, Esq.<br>Attorney for Plaintiffs,<br>Guang Yang and Liqi Huang |