UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUANG YANG and LIQI HUANG, *individually and on behalf of all those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>LAO MA SPICY INC., LAO MA INC., LAOMA SPICY ELMHURST, INC., LOA MA MA LA TANG INCORPORATED, TUO LIU, and HUADONG LIU,<br><br>Defendants. | Civil Action No.<br><br>18-11817 (LDW)<br><br>**ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval. (ECF No 60). The parties have consented to proceed before a Magistrate Judge for all further proceedings, including entry of final judgment. (ECF No. 54).

### I. Background and Procedural History

1. The parties' proposed settlement resolves all claims in the action entitled *Yang v. Lao Ma Spicy Inc. et al.*, Civ. A. No. 18-11817 (LDW), which is currently pending before this Court.

2. On July 19, 2018, plaintiffs Guang Yang and Liqi Huang commenced this putative collective action, alleging that defendants failed to pay them minimum wage and overtime pay for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq.* (Complaint, ECF No. 1).

3. Defendants moved to dismiss the complaint on August 27, 2018, disputing the existence of an employer-employee relationship and any liability under the FLSA. (ECF No. 14).

## II. Settlement Terms

4. The parties appeared for settlement conferences before the undersigned on November 26 and 29, 2018 and at telephone conferences on January 7 and 14, 2019, during which they engaged in good faith, arms-length negotiations and ultimately agreed to a full settlement of plaintiffs' claims against defendants on an individual basis.

5. Plaintiffs submitted a proposed settlement agreement on February 8, 2019. (ECF No. 48). Following a telephone conference with the undersigned on April 3, 2019, the parties resubmitted an executed settlement agreement and joint motion for settlement approval on April 8, 2019. (ECF No. 60).

6. The parties have agreed to settle this case for a total of $20,000.00, which represents approximately 40% of plaintiffs' unliquidated damages for alleged unpaid minimum wages and overtime pay. Plaintiffs have agreed to waive any claims for penalties, liquidated damages, and interest. Pending compliance with the terms of the settlement agreement, plaintiffs have also agreed to waive any claims for attorney's fees and costs.

## III. Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

9. Here, the settlement resolves a bona fide dispute over whether defendants are employers who failed to pay named plaintiffs minimum wages and overtime wages for time worked over forty hours per week.

10. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

11. The Court has considered the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and finds that the settlement reflects a fair and reasonable compromise of disputed issues. The parties' settlement recognizes the expense of ongoing litigation as well as the risks of establishing liability and damages.

12. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

13. Finally, there is nothing in the record to suggest that the proposed settlement would otherwise frustrate the implementation of the FLSA.

14. Having considered the parties' submissions in support of their joint motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized

in the final executed settlement agreement (ECF No. 60-2) and approves the payments to be made to named plaintiffs as set forth therein.

### IV.     Award of Attorneys' Fees and Costs

15. Plaintiffs and their counsel have waived any claim for attorney's fees and costs, provided that defendants comply with the terms of the settlement agreement.

### V.     Conclusion and Dismissal

16. The Court approves the terms and conditions of the settlement agreement.

17. The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

18. This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement.

19. The Clerk of Court is directed to terminate the motion at ECF No. 60.

**It is so ORDERED this 24th day of April, 2019.**

_____
Hon. Leda Dunn Wettre
United States Magistrate Judge